IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AEROTEK AFFILIATED SERVICES, INC. f/k/a AEROTEK, INC., <br><br>        Plaintiff, <br><br> v. <br><br> ALEX MOORE, <br><br>        Defendant. | Civil Action No. 1:22-cv-02522-WMR <br><br> A pretrial conference is set for May 6, 2024, at 11:00 a.m. EST. |

## **JOINT CONSOLIDATED PRETRIAL ORDER**

1.

There are no motions or other matters pending for consideration by the court except as noted: **All motions pending for consideration by the Court are described in Attachment H-1 and H-2.**

2.

All discovery has been completed, unless otherwise noted, and the Court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**Discovery will be completed with the deposition of Maximo Hermon on April 26, 2024. However, Defendant believes that additional discovery is warranted if the Court denies Defendant's Motion in *Limine* to Exclude**

**Untimely Produced Documents. Plaintiff disputes that any documents were untimely or that additional discovery may be warranted and will file a response to Defendant's Motion.**

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

**The Parties confirm the caption of this Order is correct and complete and there is no question by any party as to the misjoinder or non-joinder of any parties.**

4.

Unless otherwise noted, there is no question as to the jurisdiction of the Court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

**According to Plaintiff, there is no question of jurisdiction and jurisdiction for Plaintiff's breach of contract claim is based on diversity jurisdiction, 28 U.S.C § 1332 and the Court has already decided this issue, including whether Plaintiff has standing. Defendant's position is that the Court lacks subject-matter jurisdiction over some or all claims because (1) Plaintiff lacks standing to assert its claim for breach of contract because it suffered no injury in fact;**

**(2) diversity jurisdiction is lacking because the amount in controversy at the time Plaintiff filed its claims did not exceed $75,000 and Plaintiff's claims were not compulsive counterclaims when initially pled as counterclaims; and (3) the Court lacks subject-matter jurisdiction over Plaintiff's claims for injunctive relief because they are moot.**

5.

The following individually named attorneys are hereby designated as lead counsel for the parties:

**<u>Plaintiff:</u>**

> **Paul Kennedy (admitted pro hac vice) (lead counsel)**
> pkennedy@littler.com
> LITTLER MENDELSON, P.C.
> 815 Connecticut Avenue NW
> Suite 400
> Washington, DC 20006
> Tel: (202) 414-6855
>
> **Leslie A. Dent**
> Georgia Bar No. 218566
> ldent@littler.com
> **Jacob S. Gibson**
> Georgia Bar No. 178516
> jsgibson@littler.com
> LITTLER MENDELSON, P.C.
> 3424 Peachtree Road, N.E.
> Suite 1200
> Atlanta, GA 30326
> Tel: (404) 233-0330

**<u>Defendant:</u>**

**Benjamin I. Fink (lead counsel)**
Georgia Bar No. 261090
bfink@bfvlaw.com
**Jeremy L. Kahn**
Georgia Bar No. 796717
jkahn@bfvlaw.com
**Olivia B. Landrum**
Georgia Bar No. 974502
olandrum@bfvlaw.com
BERMAN FINK VAN HORN, P.C.
3475 Piedmont Road, NE
Suite 1640
Atlanta, GA 30305
Tel: (404) 261-7711

Other Parties: (specify): **None**

6.

Normally, the plaintiff is entitled to open and close arguments to the Court or jury. (Refer to LR39.3(B)(2)(b)).  State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the Court or jury.

**The Parties agree that Plaintiff should open and close arguments.**

7.

The captioned case shall be tried (___) to a jury or (___) to the court without a jury, or ( **X** ) the right to trial by jury is disputed.

**The parties dispute whether this case should be tried to a jury. Plaintiff's position on that issue is set out in its Motion to Strike Defendant's Jury Demand, filed contemporaneously herewith. Defendant opposes and will file a response to the motion.**

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**The Parties agree that bifurcation is unnecessary. The Parties agree that at trial, the factfinder (whether the Court or a jury) must determine whether Defendant breached Paragraph 7 of his Employment Agreement, and if so, to what, if any, nominal damages Plaintiff is entitled.[1]**

**Should Defendant be found by the factfinder at trial to be liable for breach of Paragraph 7 of the Employment Agreement, Plaintiff also seeks an award of attorneys' fees and expenses pursuant to Paragraph 14 of the Employment Agreement, but the Parties agree that Plaintiff's request for an award of attorneys' fees and expenses is properly decided by post-trial motion pursuant to Fed. R. Civ. P. 54(d)(2) if Plaintiff prevails at trial.**

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors

---

[1] Defendant contends that the factfinder must also determine whether Plaintiff suffered an injury in fact and has standing. Plaintiff disputes that the factfinder need make that additional finding, which Plaintiff submits was resolved at summary judgment, or, at the very least, is an issue of law for the Court.

concerning their legal qualifications to serve.

**As noted in Section 7 above, the parties dispute whether this case should be tried to a jury. Subject to and without waiving that dispute, in Attachment A, the Parties provide a proposed, joint list of qualifying questions to the jurors in the event the case is tried to a jury.**

10.

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

**Subject to and without waiving the Parties dispute, as set out in Section 7 above, whether this case should be tried to a jury, the Parties agree, should the case be tried to a jury, with the Court's standard background questions regarding juror addresses, occupations, and spouses. A unified list of proposed additional voir dire questions, in the event the case is tried to a jury, is included in Attachment B.**

11.

State any objections to plaintiff's voir dire questions:

**Plaintiff's objections to any voir dire questions proposed by Defendant are set out in Attachment B.**

State any objections to defendant's voir dire questions:

**Defendant's objections to any voir dire questions proposed by Plaintiff are likewise set out in Attachment B.**

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

**Subject to and without waiving the Parties' dispute, as set out in Section 7 above, whether this case should be tried to a jury, pursuant to Judge Ray's Standing Order, the standard jury for civil trials is eight (8) members, and, should the case be tried to a jury, the Parties are agreeable with this number of jurors. The Parties seek to each have four peremptory challenges consistent with increasing the jury members from six (6) to eight (8).**

13.

State whether there is any pending related litigation. Describe briefly,

including style and civil action number.

**There are no other actions or related actions between Plaintiff and Defendant. However, there is a pending action by Plaintiff and certain of its affiliate companies against Defendant's new employer, Jobot, LLC, and two of its executives, arising from, among other things, Jobot's alleged tortious conduct in allegedly poaching Plaintiff's employees, including Defendant, as follows:**

- ***Aerotek Affiliated Services, Inc., Aerotek, Inc., Aston Carter, Inc., and Actalent, Inc. v. Heidi Golledge, Drew K. Fibus, Jobot, LLC, and Does 1-100*** **Superior Court of the State of California, County of Orange Case No. 30-2022-01281583-CU-BT-NJC**

  **The plaintiffs, Aerotek and certain of its affiliated companies, brought claims against Jobot, LLC, and its CEO, Heidi Golledge, and Vice President of Recruiting, Drew Fibus, based on the defendants' alleged wrongful and unfair competition, including, among other things, their alleged poaching of over 60 of the plaintiffs' employees within one year's time through allegedly improper means, their alleged tortious interference with those employees' employment contracts and their alleged encouraging those employees' breach of their duties of loyalty, their alleged misappropriation of the plaintiffs' trade secrets, and their alleged tortious interference with plaintiffs' economic relations. Among those 60 employees allegedly poached by Jobot, and with respect to whom the defendants' tortious conduct relates, is Defendant Moore.**

14.

Attached hereto as Attachment "C" is Plaintiff's outline of the case, which includes a succinct factual summary of plaintiff's cause of action and which is

neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff are be listed under a separate heading. For each item of damage claimed, plaintiff has separately provided the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

**The Parties agree that Plaintiff's outline of the case should not be read to the jury.**

15.

Attached hereto as Attachment "D" is the defendant's outline of the case, which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which is neither argumentative nor recites evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense are listed under a separate heading. Defendant does not assert a counterclaim, so no itemized damages calculations have been included.

**The Parties agree that Defendant's outline of the case should not be read to the jury.**

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non- cooperating counsel.

17.

The legal issues to be tried are as follows:

**The parties agree that the remaining issues to be tried by the factfinder in this case are: whether Defendant breached Paragraph 7 of his Employment Agreement, and if Defendant breached Paragraph 7 of his Employment Agreement, the amount of nominal damages, if any, to which Plaintiff is entitled.[2]**

**Should Plaintiff be found by the factfinder to be liable for breach of Paragraph 7 of his Employment Agreement, Plaintiff also seeks an award of attorneys' fees and expenses under Paragraph 14 of the Employment Agreement, but the Parties agree that request is properly before the Court by**

---

[2] Defendant contends that the factfinder must also determine whether Plaintiff suffered an injury in fact and has standing. Plaintiff disputes that the factfinder need make that additional finding, which Plaintiff submits was resolved at summary judgment, or, at the very least, is an issue of law for the Court.

**way of post-trial motion under Fed. R. Civ. P. 54(d)(2) if Plaintiff prevails at trial.**

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

**Pursuant to Judge Ray's Standing Order, the Parties may not rely on representation by the designated party that a witness will be present. Therefore,**

**all witnesses that the Parties may seek to present have been noted on their respective attachments to this Consolidated Pretrial Order.**

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections

are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

**Plaintiff's list of expected trial exhibits and Defendant's objections to Plaintiff's list of expected trial exhibits are included as Attachment G-1. Defendant's list of expected trial exhibits and Plaintiff's objections to Defendant's list of expected trial exhibits are included as Attachment G-2. The Parties note that they have identified deposition transcripts in their exhibit lists for purposes of potentially playing only designated material or for impeachment and the parties agree that no deposition is wholesale automatically admitted.**

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**Plaintiff**: **Plaintiff does not presently anticipate introducing testimony by deposition for proof; however, Plaintiff may seek to introduce deposition testimony for proof if any witnesses, between now and trial, become unavailable. Plaintiff reserves the right to use any of the depositions and interrogatories taken in this case for purposes of rebuttal testimony, impeachment, and based upon the rule of completeness. Plaintiff also reserves the right to use the deposition testimony of any witness legally unavailable for trial.**

**Defendant: Defendant may present at trial the following portions of the following depositions:**

**Kyle Mitchell/Aerotek Rule 30(b)(6) Witness: 6:12–7:18; 15:18–18:21; 20:18–22:7; 23:1–10; 24:4–21; 26:10–27:20; 28:7–9; 29:3–19; 31:2–32:2; 33:15–35:8; 35:14–36:4; 36:10–37:8; 40:5–42:8; 44:12–46:10; 51:9–56:18; 57:20–58:8; 73:1–21; 98:17–105:9; 123:!6–21; 125:13–131:9; 141:21–142:10; 144:8–146:16; 153:2–154:15; 155:5–158:6; 162:12–17; 163:10–164:8; 166:3–14; 168:3–17; 186:19–193:7; 202:7–203:18; 207:20–208:17; 210:5–213:5; 213:20–214:12; 220:20–222:9.**

**Reed Schlotthober/Aerotek Rule 30(b)(6) Witness: 6:11–7:5; 9:21–10:8; 12:15–19; 82:2–10; 86:12–88:10;**

**Maximo Hermon: [TBD – Deposition Has Not Yet Been Taken]**

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachment H-1 for Plaintiff and H-2 for Defendant, and H-3, etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case

is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

**Subject to and without waiving its contention that this case should be tried to the Court and not a jury, Plaintiff's suggested general verdict form is attached as Attachment I-1. Defendant believes that a special verdict form is**

**appropriate given the discrete factual issues in this case. Defendant's suggested special verdict form is attached as Attachment I-2.**

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**The Parties note that pursuant to Judge Ray's Standing Order, openings arguments are limited to 20-minutes and closing arguments are limited to 30-minutes. The Parties do not request additional time.**

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

**To the extent the case is designated for trial to the Court without a jury, counsel will submit proposed findings of fact and conclusions of law in accordance with this section.**

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met on or about, at least, May 25, 2023, February 7, 2024, and March 27, 2024, to discuss in good faith the possibility of settlement of this case.

The court ( ) has or (x) has not discussed settlement of this case with counsel. It appears at this time that there is:

( ) A good possibility of settlement.

( ) Some possibility of settlement.

(X) Little possibility of settlement.

( ) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

**Plaintiff requests that the trial of this case be specially set for February 2025 or thereafter due to conflicts among Plaintiff's counsel through January 2025. However, to the extent the case need be tried sooner than February 2025, Plaintiff requests that trial be set for November 2024 or thereafter. Defendant has no objection to Plaintiff's request.**

28.

Plaintiff estimates that it will require 3 days to present its evidence. Defendant estimates that it will require 1-2 days to present its evidence. No other parties will present evidence.  It is estimated that the total trial time is 4 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (x) submitted by stipulation of the parties or ( ) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice.

Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 2024.


_____
Judge William Ray, III
United States District Judge


Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

| /s/ Benjamin I. Fink | /s/ Paul Kennedy |
|---|---|
| Benjamin I. Fink<br>Georgia Bar No. 261090<br>bfink@bfvlaw.com<br>Jeremy L. Kahn<br>Georgia Bar No. 796717<br>jkahn@bfvlaw.com<br>Olivia B. Landrum<br>Georgia Bar No. 974502<br>olandrum@bfvlaw.com<br><br>**BERMAN FINK VAN HORN, P.C.**<br>3475 Piedmont Road, N.E.<br>Suite 1640<br>Atlanta, Georgia 30305<br>Telephone:    404-261-7711<br><br>**ATTORNEYS FOR DEFENDANT** | Paul Kennedy (admitted pro hac vice)<br>pkennedy@littler.com<br>**LITTLER MENDELSON, P.C.**<br>815 Connecticut Avenue NW<br>Suite 400<br>Washington, DC  20006<br>Telephone:   202-414-6855<br><br>Leslie A. Dent<br>Georgia Bar No.  218566<br>ldent@littler.com<br>Jacob S. Gibson<br>Georgia Bar No.  178516<br>jsgibson@littler.com<br><br>**LITTLER MENDELSON P.C.**<br>3424 Peachtree Road Northeast<br>Suite 1200<br>Atlanta, Georgia  30326<br>Telephone:    404-233-0330<br><br>**ATTORNEYS FOR PLAINTIFF** |

**Attachment A**

**Unified Set of Proposed Qualifying Questions (Civil Cases)**

The Parties propose the following qualifying questions:

1. Are you a United States citizen?

2. Do you reside in either Cherokee, Clayton, Cobb, DeKalb, Douglas, Fulton, Gwinnett, Henry, Newton, or Rockdale County?

3. Are you 18 or older?

4. Age?

5. Gender?

6. Martial Status?

7. Highest level of education?

8. Employment status and employer name?

9. Occupation, or if you are retired, what did you do before?

10. Have you previously been disqualified to serve on a jury?

11. Do you hold any belief, religious or otherwise, that would discourage or prevent you from serving on this jury?

12. Do you have any physical or mental disabilities or conditions that might impair your ability to serve on a jury?

13. Do you provide care for a child, elderly person, or anyone with a physical or mental disability that would impair your ability to serve on a jury?

14. Have you ever worked for Aerotek, Allegis Group, Actalent, Aston Carter, or Jobot?

15. Do you know any employees of, or has anyone in your immediate family

worked for, Aerotek, Allegis Group, Actalent, Aston Carter, or Jobot?

16.     Do you know Benjamin Fink?

17.     Do you know Jeremy Kahn?

18.     Do you know Paul Kennedy?

19.     Do you know Leslie Dent?

20.     Do you know Jacob Gibson?

21.     Do you know Alex Moore?

22.     Do you know Kyle O'Bryan?

23.     Do you know Kyle Mitchell?

24.     Do you know Alisha Zhang?

25.     Do you know Maximo Hermon?

26.     Do you know Reed Schlotthober?

27.     Do you know Melissa Brown?

28.     Do you know Celeste Slifer?

29.     Do you know Karuna Naik?

30.     Have you ever filed an administrative action or a lawsuit against your employer or a former employer?

31.     Have you ever been sued by your employer or by a former employer?

32.     Have you ever sued a person or entity for breach of contract?

33.     Have you ever been sued for breach of contract?

34.    Will you accept the law as Judge Ray gives in his instructions even if you
       disagree with the law?

**Attachment B**
**Unified Set of Proposed Voir Dire**
**(Civil Cases)**

The Parties propose the following voir dire questions:

**Plaintiff's and Defendant's Agreed Proposed Voir Dire Questions**

1.    Has anyone here ever worked for a staffing company or in the staffing industry?

     a.  If so, please tell us about your experience.

2.    Does anybody know anyone, or have family members who, have worked for a staffing company or in the staffing industry?

     a.  If so, please tell us about your experience.

3.    Has anyone here ever filed a lawsuit other than one involving domestic relations?

     a.  If so, what was the nature of the suit?

     b.  Who was sued and why?

4.    Has anyone here ever been sued other than a suit involving domestic relations?

     a.  If so, what was the nature of the suit?

     b.  Who was sued and why?

5.    Has anyone ever accused any person or entity of breach of contract?

     a.  If so, please tell us about your experience.

6.    Has anyone ever been accused of breach of contract?

      a.  If so, please tell us about your experience.

      b.  Do you disagree with the accusation?

7.    Has anyone ever been accused of taking an employer's information, files or documents, equipment, or other property?

      a.  If so, please tell us about your experience.

      b.  Do you disagree with the accusation?

8.    Has anyone here taken company information from a prior employer around the time they left?

      a.  If so, please tell us about your experience.

9.    Does anyone have any other issue or concern that we have not talked about that might make it difficult for you to serve on our jury?

10.    Do you have any close friends or family members who are lawyers or judges?

11.    Have any of you ever worked in the legal field in any capacity (paralegal, investigator, legal assistant) or had any legal training?

12.     Have you ever served as a juror? Were you the foreperson? Did you reach a verdict?

13.    Has anyone ever written a letter to the editor, an opinion letter of any kind, posted on an internet blog or called into a talk show to give your opinion? What was the topic?

14.    Has anyone here ever worked in sales, or do any of your family or household members work in sales, other than retail sales.

15.    Have you ever worked in account management or retention, or do any of your household or family members work in this area?

16.    Have any of you worked in the area of human resources or employee benefits?

17.    Do any members of your household or family work in HR?

18.    Have any of you worked in the area of risk management? Do any members of your household or family work in risk management?

19.    Has anyone ever worked in the insurance industry in any capacity, or do your family or household members work in the insurance industry?

20.    Who here currently has, or has ever had, an employment contract?

21.    Have you ever been involved in, or affected by, a situation in which a person is involved in a dispute with a current or former employer?

22.    Are you familiar with any situation in which a person is accused by a former employer of being in violation of noncompete, confidentiality provision, return of records provision, or other restrictive covenant, with that employer?

23.    Who has dealt with contracts in any way in your current or former employment?

24.    Who has been involved in or affected by a situation that involves a disagreement over a contract, that is someone is accused of not abiding by a contract, breaching the contract, violating a contract, any type situation like that?

26

25. Does anyone have beliefs about whether or not a contract should be honored according to its terms.

26. Does anyone have beliefs about whether or not an employer and employee can enter into binding contract about the employer's property?

27. Can you think of any situation in which you think a person was not loyal to his or her former or present company or employer?

28. Have you ever been involved in any litigation as a part of your job, that is you were not sued, but maybe your company or individuals at your company were and you were somehow involved in the process.

29. In addition to the experience of being a party to a lawsuit, as anyone given a deposition, testimony from the witness stand, a sworn affidavit, or any statement or testimony under oath?

30. Have any of you ever been disappointed in the outcome of a lawsuit, whether it negatively affected you, or someone close to you?

31. Are you now, or have you ever been, called on by sales reps as a part of your job – are you or have you been the one in your company who deals with sales reps or account managers of vendors?

32. Who has ever socialized with sales reps who call on your company, whether it be a meal out, entertainment event, golf outing, anything like that.

33. Have you ever been involved in any litigation as a part of your job, that is you were not sued, but maybe your company or individuals at your company were and you were somehow involved in the process.

34. In addition to the experience of being a party to a lawsuit, as anyone given a deposition, testimony from the witness stand, a sworn affidavit, or any statement or testimony under oath?

35. Have any of you ever been disappointed in the outcome of a lawsuit, whether it negatively affected you, or someone close to you?

36. Are you now, or have you ever been, called on by sales reps as a part of your job – are you or have you been the one in your company who deals with sales reps or account managers of vendors?

37.   Who has ever socialized with sales reps who call on your company, whether it be a meal out, entertainment event, golf outing, anything like that.

38.   Is there any reason you cannot serve in the XX timeframe for this trial?  We will go from X to X each day, is there any reason you could not be here for those times.

39.   Are you regularly taking any medication that could affect your ability to serve?

40.   Do you have any physical problems (for example, with your sight or hearing) that would interfere with your ability to serve?

41.   Do you have any issues with understanding, reading, and speaking in English? Does anyone think they might have difficulty communicating with other jurors in English?

42.   Do you have any side jobs in addition to your primary occupation?

43.   How many of you work at a large company? Tell us where you work? How many employees are there?

44.   Do you have any management or supervisory responsibilities? How many people do you supervise?

45.   Do you, or have you ever, owned your own business? If so, how many employees do/did you have?

46.   Is there any reason that you could not follow the law that the judge gives you, if you have a different personal understanding of the legal terms or disagree with the law?

## Defendant's Additional Proposed Voir Dire Questions

1.   Before you came in the courtroom today, who had heard the term "restrictive covenant" or "covenant not to compete" or "noncompete" as terms in a contract?

2.    Some people think that these days employees just don't have company loyalty, or loyalty to their employers, like they used to … who here feels that way?

3.    Has anyone had a bad or negative experience with an account manager, sales rep, or sales person, again, other than in a retail situation?

4.    Some people have in general, negative feelings about sales people or sales reps.  Who feels that way, even slightly, for any reason at all?  You will not hurt anyone's feelings.

5.    Do you accept the idea that it is up to the plaintiff to prove their claims against the defendant and to prove that they have been damaged, and the fact that the defendant has been sued is not evidence of anything?

6.    Is anyone leaning even slightly in favor of the plaintiff even before you hear the evidence just because the Plaintiff says they have been hurt and you think the Defendants might have hurt them?

7.    The plaintiff goes first, and the defendants go second.  Can you wait and not decide the case, until you hear the other side of the story that the defense will tell you?

## **Plaintiff's Objections to Defendant's Additional Proposed Voir Dire Questions**

1.    Plaintiff objects to Defendant's Additional Proposed Voir Dire Question No. 1 on the basis that this case does not involve a noncompete and Question No. 1 may suggest to the jury that it does. However, Plaintiff is agreeable, in principle, to asking jurors whether they have familiarity with restrictive covenants.

2.    Plaintiff objects to Defendant's Additional Proposed Voir Dire Question No. 2 as excessive and unnecessary.

3.    Plaintiff objects to Defendant's Additional Proposed Voir Dire Question No. 3 as excessive and unnecessary.

4.    Plaintiff objects to Defendant's Additional Proposed Voir Dire Question No. 4 as excessive and unnecessary.

5.    Plaintiff objects to Defendant's Additional Proposed Voir Dire Question No. 5 as it purports to suggest to the jurors a burden of proof, which is properly left to the Court. Further, the burden of proof suggested by Question No. 1 is incorrect, in that a Plaintiff need not prove actual damages, which Question No. 1 suggests, in order to obtain a verdict in its favor.

6.    Plaintiff objects to Defendant's Additional Proposed Voir Dire Question No. 6 as excessive and unnecessary. To the extent Question No. 6 is included, however, Plaintiff requests that the following additional question be posed: "Is anyone leaning even slightly in favor of the defendant even before you hear the evidence just because the defendant is an individual and the plaintiff is a company?"

7.    Plaintiff objects to Defendant's Additional Proposed Voir Dire Question No. 7 as it purports to instruct the jury on the burden of proof, which is properly left to the Court. Further, the burden of proof suggested by Question No. 1 is incorrect, in that a Plaintiff need not prove actual damages, which Question No. 1 suggests, in order to obtain a verdict in its favor.

**Attachment C**
**Plaintiff's Outline of the Case**

A.    **Factual Summary:**

Defendant was an employee of Plaintiff, a recruiting and staffing agency, from 2013 until 2021. In his employment, Defendant was responsible for assisting Plaintiff's clients with requisitions and candidate placements, developing Plaintiff's business relationships with clients and prospective clients, and managing Plaintiff's employees. To those ends, Defendant was given access to Plaintiff's confidential, proprietary business information about its clients and their business needs, job candidates, business development strategies, financial metrics, and so forth. Such information was very valuable to Plaintiff and the product of much time and investment by Plaintiff.

At the outset of his employment with Plaintiff, Defendant entered into a valid and enforceable Employment Agreement with Plaintiff. The Employment Agreement (which the Parties agree is governed by Maryland contract law) contains several restrictions related to the confidentiality and security of Plaintiff's business information. Among those provisions is Paragraph 7 of the Employment Agreement, which required Defendant to return Plaintiff's property, including its business information, upon the termination of Defendant's employment.  The Employment Agreement also provides that if Defendant breaches Paragraph 7, and Plaintiff

successfully prevails in a suit for breach of Paragraph 7, Plaintiff is entitled to recover from Defendant its attorneys' fees and costs.

In late-2020, Defendant began considering leaving Plaintiff and by Summer of 2021, Defendant had begun considering joining a California-based competitor of Plaintiff called Jobot, LLC.  Jobot, like Plaintiff, is a recruiting and staffing company, and competes with Plaintiff. In early-August 2021, Defendant began communicating and interviewing with Jobot. On August 24, 2021, Jobot made a job offer to Defendant and on August 25, 2021, Defendant accepted Jobot's job offer. Defendant resigned his employment on or around September 17, 2021, and then started working for Jobot.

After Defendant's resignation and departure, Plaintiff discovered that on August 17 and 23, 2021 – after he had interviewed with Jobot and immediately before he accepted its job offer – Defendant downloaded from his Plaintiff-issued laptop to a personal USB device multiple files containing Plaintiff's confidential and proprietary business information, including, among other things, information about Plaintiff's clients and prospective clients, including their identities and contact information, their relationships with Plaintiff, and Plaintiff's efforts and strategies to retain and/or develop business with them.

Upon his resignation, Defendant returned his company laptop to Plaintiff, but he did not return or make any effort to return any USB devices containing Plaintiff's

business information, or otherwise return or make any effort to return Plaintiff's business information. The first time Defendant took any action to locate, secure or return the USB devices containing Plaintiff's information was over one year later, in November 2022, after Defendant had sued Plaintiff for alleged unpaid compensation (claims he later dismissed) and after Plaintiff had asserted a counterclaim against Defendant for his taking and failing to return Aerotek's business information. It is on this basis that Plaintiff asserts that Defendant has breached his obligation under his Employment Agreement to return Plaintiff's information upon termination of his employment.

As to Paragraph 7 of the Employment Agreement, Defendant contends that by the time he downloaded and took Plaintiff's business information on August 17 and 23, 2021, his employment with Plaintiff had already terminated – that he had become employed by Plaintiff's affiliate. Actalent, and his employment with Plaintiff had ended in July 2021. Defendant contends that he, therefore, had no obligation under Paragraph 7 to return Plaintiff's business information because his obligation to return Plaintiff's information had already lapsed in July 2021 when, he claims, his employment with Plaintiff terminated for purposes of Paragraph 7 of the Employment Agreement. Plaintiff submits that Defendant's employer up until his termination of employment on or around September 17, 2021 (and at the time he downloaded Plaintiff's information) was Plaintiff. Plaintiff further submits that even

if the factfinder were to find that Defendant's employment with Plaintiff *did* terminate prior to his downloading Plaintiff's information, Defendant's obligation to return Plaintiff's information extended to his resignation pursuant to Paragraph 15 of the Employment Agreement.

The factfinder must determine whether Moore breached his obligation to return Aerotek's information "upon termination of his employment," under Paragraph 7. As to damages, if Defendant breached his obligation under Paragraph 7 of the Employment Agreement to return Plaintiff's information upon his termination of employment, Maryland contract law provides that the factfinder must award nominal damages to Plaintiff.

Lastly, if Defendant is found liable for breach of Paragraph 7, he is liable for Plaintiff's attorneys' fees under Paragraph 14 of the Employment Agreement. Plaintiff's request for attorneys' fees is properly decided by the Court by post-trial motion under Fed. R. Civ. P. 54(d)(2).

## B. Legal Basis for Plaintiff's Breach of Contract Claim and Request for Award of Damages and Attorneys' Fees and Expenses:

- *Northstar Healthcare Consulting, LLC v. Magellan Health, Inc.*, No. 1:17-CV-1071-ODE, 2019 WL 4805558, at *33 (N.D. Ga. July 10, 2019) (quoting *Kantsevoy v. LumenR LLC*, 301 F. Supp. 3d 577, 596 (D. Md. 2018) (setting out elements of breach of contract under Maryland law).
- *Planmatics, Inc. v. Showers*, 137 F. Supp. 2d 616, 624 (D. Md. 2001), aff'd, 30 F. App'x 117 (4th Cir. 2002) (under Maryland law, a trial court must assess nominal damages for breach of contract where actual damages are unproven or uncertain).

- *Highland Consulting Grp., Inc. v. Soule*, No. 9:19-CV-81636, 2020 WL 1272516, at *3 (S.D. Fla. Mar. 17, 2020) (applying Maryland contract law, finding former employee breached provision requiring return of company property "[u]pon termination of employment" where former employee did not return property until after claim filed for breach of said provision, finding that "[n]o reasonable person would construe [provision requiring return "upon termination of employment"] as being satisfied when Plaintiff's information is returned only upon discovery after a lawsuit is filed for breach of the paragraph.")

- *Nova Rsch., Inc. v. Penske Truck Leasing Co., 405 Md. 435, 447 (2008); Ochse v. Henry*, 216 Md. App. 439, 458 (2014) (enforcing attorneys' fee provision in employment contract under Maryland law)

- *Cheeley Invs., L.P. v. Zambetti*, 332 Ga. App. 115, 118–19 (2015) (enforcing attorneys' fee provision in employment contract under Georgia law)

**Attachment D**
**Defendant's Outline of the Case**

## A. Factual Summary

On January 7, 2013, Moore entered into an Employment Agreement with Aerotek. Aerotek drafted the agreement; Moore did not draft or negotiate any of its terms. In June or July 2021, Moore left Aerotek and began working at *nonparty* Actalent, Inc. While both are affiliated with Allegis, Aerotek and Actalent are distinct corporations that both existed as distinct entities since before Moore moved to Actalent. In late August 2021, Moore gave notice of his resignation to *nonparty* Actalent. When he resigned, Moore told his superior at Actalent, the Director of Market Operations, that he was leaving to work at Jobot, LLC. *Id.* Moore's last day at Actalent was September 17, 2021. Moore returned his work laptop upon his departure from Actalent. Moore never refused any demand to return any property or information. Shortly after leaving Actalent, Moore started at Jobot.

Though Moore does not remember doing so, Moore does not dispute that he copied various files from his work-issued laptop to a USB device. However, when Moore copied these files to a USB device in August 2021, he was an employee of *nonparty* Actalent, not Plaintiff Aerotek.

Moore did nothing with these files and his alleged copying of them to a USB device did not harm Aerotek in any way. After he left Actalent, Moore never accessed any of these files or even the USB device at all. Thus, Moore did not use

any of these files, or any information in them, after leaving Actalent. Nor did he disclose or divulge any such files, or information therein, to any other person, including anyone at Jobot. Nor is there any evidence that Aerotek lost the files as a result of Moore's alleged conduct. Aerotek admits that an original file may remain intact on a laptop after it is copied to a USB device. And it has no evidence that Moore's alleged copying of any files to a USB device caused Aerotek to no longer possess them. Most importantly, Aerotek admits it suffered no damages from Moore's alleged conduct.

Despite admitting to having no damages, Aerotek has chosen to continue this litigation. Aerotek's claims lack merit because it lacks standing as it has not suffered an injury in fact and because no breach of contract any contract with Aerotek occurred because Moore did not copy the files at issue to the USB device until after his employment at Aerotek terminated and he was an Actalent employee. A key factual issue in this case for the jury to decide is whether Moore worked for Aerotek or Actalent at the time of the copying of files to a USB device.

### B. Rules, regulations, statutes, ordinances, and illustrative case law creating a defense relied upon by defendant.

- Article III of the United States Constitution.

- General case law regarding standing and injury-in-fact, e.g.: *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016); *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021); *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917 (11th Cir. 2020)

(en banc); *Dinerstein v. Google, LLC*, 73 F.4th 502 (7th Cir. 2023); *Patel v. Univ. of Vt. & State Agric. Coll.*, No. 5:20-CV-61, 2021 WL 4523683 (D. Vt. Oct. 1, 2021).

- General Maryland law regarding the interpretation of contracts, e.g.: *Impac Mortg. Holdings, Inc. v. Timm*, 255 A.3d 89 (Md. 2021); *Wells v. Chevy Chase Bank, F.S.B.*, 768 A.2d 620 (Md. 2001); *Hebb v. Stump, Harvey & Cook, Inc.*, 334 A.2d 563 (Md. App. 1975).

- General Maryland law regarding nominal damages, e.g.: *Brown v. Smith*, 173 920 A.2d 18 (Md. 2007).

**Attachment E**
**Facts Stipulated by the Parties**

- Aerotek is a recruiting and staffing company.

- Both Aerotek and Actalent, Inc. are indirectly owned and operated and under common control of Allegis Group.

- Moore worked for Aerotek from 2013 until 2021, though the parties dispute when in 2021 Moore's employment with Aerotek terminated.

- On January 7, 2013, at the beginning of his employment with Aerotek, Moore entered into an Employment Agreement with Aerotek.

  Moore's Employment Agreement contains multiple provisions related to Aerotek's information.

- Paragraph 7 of the Employment Agreement provides:

  > **RETURN AND PRESERVATION OF RECORDS:** EMPLOYEE agrees, upon termination of EMPLOYEE'S employment with AEROTEK for any reason whatsoever, to return to AEROTEK all records and other property (whether on paper, computer discs or in some other form), copies of records, and papers belonging or pertaining to AEROTEK (collectively "Company Records"). EMPLOYEE further agrees not to engage in any unauthorized destruction or deletion of Company Records during employment or upon termination of employment, including, without limitation, the deletion of electronic files, data, records or e-mails.

- At Aerotek, Moore was responsible for assisting Aerotek's clients with job postings and placements, developing business relationships with Aerotek's clients and prospective clients, and managing a team of Aerotek employees.

- For use in his employment, Moore was given access to Aerotek's password-protected internal company databases containing information about Aerotek's clients and their staffing needs and placements, Aerotek's relationships with its clients and with prospective clients, Aerotek's business development

strategies, Aerotek's revenue and other financial metrics, and information about Aerotek's business activities.

- Jobot, LLC provides recruiting and staffing services to its clients.

- In early-August 2021, Moore started communicating and interviewing with Jobot employees.

- On August 17 and 23, 2021, Moore downloaded files from his work-issued laptop to a personal USB storage device. At least some of those files included information belonging to Aerotek.

- On August 24, 2021, Moore received a formal job offer from Jobot, and on the next day, August 25, 2021, Moore accepted Jobot's job offer and completed onboarding paperwork for Jobot.

- Moore provided his notice of resignation to Kyle Mitchell, his supervisor, on or around August 31, 2021, and his last day was on or around September 17, 2021.

- The parties dispute whether Moore's employment with Aerotek terminated prior to August 2021, and whether he was resigning from Aerotek or Actalent.

- On May 23, 2022, Moore filed a lawsuit against Aerotek in which he claimed that Aerotek owed him compensation related to his employment with Aerotek. Moore later dismissed his claims against Aerotek.

- In responding to Moore's lawsuit, on, June 30, 2022, Aerotek asserted the instant breach of contract claim against Moore based on its discovery, by having a third-party forensics firm analyze his laptop, that he had copied files to a USB device.

## <u>Attachment F-1</u>

### Plaintiff's Witness List

**Will be called:**

- Kyle Mitchell (Georgia)
- Reed Schlotthober (Maryland)
- Alisha Zhang (Ontario, Canada)
- Maximo Hermon (Maryland)
- Alex Moore (Georgia)

**May be called:**

- Melissa Brown (Maryland)
- Celeste Slifer (Maryland)
- Kyle O'Bryan (Georgia)
- Karuna Naik (Georgia)

Plaintiff objects to Defendant identifying any witness or expert witness not previously disclosed in Plaintiff's Initial Disclosures or during discovery in this matter.

## <u>Attachment F-2</u>

## Defendant's Witness List

**Will be called:**

- Alex Moore (Georgia)
- Kyle O'Bryan (Georgia)
- Kyle Mitchell (by deposition only)
- Reed Schlotthober (by deposition only)

**May be called:**

- Karuna Naik (Georgia)

<u>**ATTACHMENT G-1**</u>
**Plaintiff's Expected Trial Exhibit List**

| Ex. | Bates-Number/Identifier | Document Description |
|---|---|---|
| 1. | Aerotek_M 000001-14 | Moore's Employment Agreement effective Jan. 7, 2013 |
| 2. | Aerotek_M 000029 | Moore's signed January 7, 2015 Aerotek Offer Letter |
| 3. | Aerotek_M 000030-31 | Moore's Confidentiality and Nondisclosure Statement for Allegis Group signed Jan. 9, 2013 |
| 4. | Aerotek_M 00032 | Moore's Handbook Acknowledgement signed Jan. 9, 2013 |
| 5. | Aerotek_M 00033 | Moore's Code of Conduct and Ethics Acknowledgment signed Jan. 9, 2013 |
| 6. | Aerotek_M 000034 | Moore's Information Security Program Policies Acknowledgement Form signed Jan. 9, 2013 |
| 7. | Aerotek_M 000094-97 | KLD's USB Report for Alex Moore |
| 8. | Aerotek_M 000098-99 | Notes from Moore's exit interview |
| 9. | Aerotek_M 000100 | BI Portal Screenshot (Redacted) |
| 10. | Aerotek_M 000101 | Client List |
| 11. | Aerotek_M 000102 | Customer List |
| 12. | Aerotek_M 000103 | Edge/Internet Explorer Report for Alex Moore |
| 13. | Aerotek_M 000104 | KLD Microsoft Edge Report for Alex Moore |
| 14. | Aerotek_M 000105 | KLD Internet Explorer Report for Alex Moore |
| 15. | Aerotek_M 000106 | KLD Hard Drive Report for Alex Moore |

| 16. | Aerotek_M 000107 | Alisha Zhang's Report of Findings for Alex Moore dated April 25, 2022 |
| --- | --- | --- |
| 17. | Aerotek_M 000108 | KLD Jump List Report for Alex Moore |
| 18. | Aerotek_M 000109 | Link File Report |
| 19. | Aerotek_M 000110 | KLD Recently Accessed Report |
| 20. | Aerotek_M 000111 | KLD ALM Report |
| 21. | Aerotek_M 000112 | KLD Shellbags Report |
| 22. | Aerotek_M 000113 | KLD Volume Shadow Copy Report |
| 23. | Aerotek_M 000114 | Client List retrieved by KLD |
| 24. | Aerotek_M 000115 | Customer List retrieved by KLD |
| 25. | Aerotek_M 000116 | Client List retrieved by KLD |
| 26. | Aerotek_M 000117 | Client List retrieved by KLD |
| 27. | Aerotek_M 000118 | KLD Outlook/Chrome Report |
| 28. | Aerotek_M 000122-23 | Moore's notes from meeting with Augie Ullmann |
| 29. | Aerotek_M 000946-47 | Moore's 2021 W-2 tax form |
| 30. | Aerotek_M 000948-1035 | Moore's 2021 Pay Statements |
| 31. | Aerotek_M 001036-44 | Internal Aerotek records regarding Moore's employment status |
| 32. | Aerotek_M 001045-51 | Internal Aerotek records regarding Moore's employment status |
| 33. | Aerotek_M 001052-1120 | Moore's Payroll Register documents |
| 34. | MOORE000055 | August 31, 2021 email from Kyle Mitchell to Moore regarding "exit plan," including separation date. |
| 35. | MOORE000104-116 | Sept. 16-Dec. 9, 2021 emails between Moore and Laura McCary regarding going over offboarding checklist on Sept. 16, and then about Q3 bonus and IGP payment |
| 36. | MOORE00117-19 | Aug. 6, 2021 emails between Alex Moore and Augie |

| | | |
|---|---|---|
| | | Ullmann regarding earlier meeting and planned calls with Tonya Ghanbari |
| 37. | MOORE000120 | Aug. 13, 2021 Calendar Invitation between Alex Moore, Augie Ullmann and Tonya Ghanbari |
| 38. | MOORE000123-24 | Aug. 4, 2021 LinkedIn messages between Alex Moore and Augie Ullmann |
| 39. | MOORE000125-26 | Aug. 4, 2021 LinkedIn messages between Alex Moore and Tony Svare |
| 40. | MOORE000127-143 | Text messages between Alex Moore and Gary K, Jess S, Augie Ullmann, Kyle O'Bryan, Greg |
| 41. | MOORE000144-167 | Jobot Leadership Expectations, Confidential and Proprietary Information and Intellectual Property Assignment Agreement, and Arbitration Agreement signed by Moore on July 18, 2022 |
| 42. | MOORE000168-170 | Aug. 31, 2021 emails between Kyle Mitchell and Alex Moore regarding "Exit Plan" and confirming resignation and last day (continued thread from MOORE000055) |
| 43. | MOORE000173 | Aug. 7 & 9, 2021 LinkedIn messages between Alex and Jaclyn D'Amore Montgomery |
| 44. | MOORE000175-77 | Alex Moore's signed Jobot welcome letter and offer dated Aug. 25, 2021 |
| 45. | MOORE000183-91 | Jobot Confidential and Proprietary Information and Intellectual Property Assignment Agreement signed by Moore dated Aug. 25, 2021 |

| 46. | MOORE000214-16 | Jobot New Employee Protocol signed by Moore dated Aug. 25, 2021 |
|---|---|---|
| 47. | Moore's Complaint [Dkt. 1-1] | |
| 48. | Aerotek's Answer to Moore's Complaint and Counterclaim [Dkt. 5] | |
| 49. | Aerotek's Amended Answer to Moore's Complaint and Amended Counterclaim [Dkt. 8] | |
| 50. | Aerotek's Second Amended Counterclaim [Dkt. 84] | |
| 51. | Moore's Answer to Aerotek's Second Amended Counterclaim [Dkt. 93] | |
| 52. | Moore's Initial Disclosures (Aug. 1, 2022) | |
| 53. | Moore's Supplemental Initial Disclosures (March 29, 2023) | |
| 54. | Moore's Supplemental Initial Disclosures (April 11, 2024) | |
| 55. | Aerotek's Initial Disclosures (Aug. 1, 2022) | |
| 56. | Aerotek's Supplemental Initial Disclosures (June 12, 2023) | |
| 57. | Moore's Answers and Objection to Aerotek's First Interrogatories (October 27, 2022) | |
| 58. | Moore's Responses and Objections to Aerotek's First Requests for Production (October 27, 2022) | |
| 59. | Aerotek's Objections and Responses to Moore's First Interrogatories (September 23, 2022) | |
| 60. | Aerotek's Objections and Responses to Moore's First Requests for Production (September 23, 2022) | |
| 61. | Aerotek's Objections and Responses to Moore's Second Interrogatories (March 22, 2023) | |
| 62. | Aerotek's First Supplemental Responses and Objections to Moore's First Request for Production | |
| 63. | Declaration of Alex Moore (Dkt. 63-4) | |
| 64. | Sullivan Strickler's document titled "SSA2193-Responsive-USB-Drives-File-List" (emailed from Michael Crawford to the parties on June 23, 2023) | Excel spreadsheet showing Sullivan Strickler's findings from review of Moore's USB devices |
| 65. | Document identified at Line 35 of Sullivan Strickler's "SSA2193-Responsive-USB-Drives-File-List" and produced by Sullivan Strickler | March 28-29, 2019 emails between Richard Wheaton, Aerotek's Executive Director of |

| | | |
|---|---|---|
| | *(see also* Dkt. 76-1, pages 2-4) | Regional Operations South, and Aerotek employees including Moore, discussing company goals for the forthcoming quarter, including proposed strategies for developing business and better servicing current clients, and company revenue metrics and objectives. (Downloaded to USB on August 23, 2021). |
| 66. | Document identified at Line 21 of Sullivan Strickler's "SSA2193-Responsive-USB-Drives-File-List" and produced by Sullivan Strickler<br><br>*(see also* Dkt. 76-1, pages 5-6) | December 20, 2017 emails between Kyle Mitchell, Aerotek's Director of Business Operations for Engineering and Sciences, and Aerotek employees, discussing specific metrics related to company and office-wide profits, services performed for its clients, and revenue and profits by individual employees. (Downloaded to USB on August 23, 2021). |
| 67. | Document identified at Line 37 of Sullivan Strickler's "SSA2193-Responsive-USB-Drives-File-List" and produced by Sullivan Strickler<br><br>*(see also* Dkt. 76-1, pages 9-10) | October 30, 2019 email from Kyle Mitchell to a list of Aerotek employees, setting out company and individual profit and growth statistics, including a list of specific employees along with their profit generation and growth, and the expected profit from Aerotek's Engineering and Sciences division. (Downloaded to USB on August 23, 2021). |
| 68. | Document identified at Line 15 of Sullivan Strickler's "SSA2193-Responsive-USB-Drives-File-List" and produced by Sullivan Strickler<br><br>*(see also* Dkt. 76-1, page 13) | June 17, 2021 email from Kyle Mitchell to a list of Aerotek employees, discussing internal company initiatives, including the announcement of a new brand, Actalent, and a "new |

| | | strategy." (Downloaded to USB on August 23, 2021). |
|---|---|---|
| 69. | Document identified at Line 44 of Sullivan Strickler's "SSA2193-Responsive-USB-Drives-File-List" and produced by Sullivan Strickler<br><br>(*see also* Dkt. 76-1, page 19) | April 26, 2017 email from Travis Sheehy, Aerotek Account Manager, to Moore, listing top ten employees in the region and their specific sales metrics. (Downloaded to USB on August 23, 2021). |
| 70. | Document identified at Line 39 of Sullivan Strickler's "SSA2193-Responsive-USB-Drives-File-List" and produced by Sullivan Strickler<br><br>(*see also* Dkt. 76-1, pages 11-12) | October 23, 2019 emails between Keleigh Hagensen, Moore, and Kyle O'Bryan, regarding Aerotek's client's contract terms, and the client's workforce transitions and services needed from Aerotek. (Downloaded to USB on August 23, 2021). |
| 71. | Any documents used as exhibits or referenced at the April 26, 2024 Deposition of Maximo Hermon | Plaintiff will supplement its trial exhibit list, as needed, following the April 26, 2024 deposition of Maximo Hermon. |
| 72. | Transcript from deposition of Alex Moore | |
| 73. | Transcript from deposition of Kyle Mitchell | |
| 74. | Transcript from deposition of Reed Schlotthober | |
| 75. | Transcript from deposition | |

| | | |
|---|---|---|
| | of Sachin Shailendra | |
| 76. | Transcript from deposition of Maximo Hermon | |

## **Defendant's Objections to Plaintiff's Expected Trial Exhibit List**

**Objection to Aerotek's Exhibit 3:** Relevance and Rule 403 (confusion of issues).

**Objection to Aerotek's Exhibit 4:** Relevance and Rule 403 (confusion of issues).

**Objection to Aerotek's Exhibit 5:** Relevance and Rule 403 (confusion of issues).

**Objection to Aerotek's Exhibit 6:** Relevance and Rule 403 (confusion of issues).

**Objection to Aerotek's Exhibit 7:** Hearsay and Rule 702.

**Objection to Aerotek's Exhibit 8:** Hearsay.

**Objection to Aerotek's Exhibit 9:** Relevance, Rule 403 (confusion of issues), and Hearsay.

**Objection to Aerotek's Exhibit 12:** Relevance, Rule 403 (confusion of issues and unfair prejudice), Hearsay, and Rule 702.

**Objection to Aerotek's Exhibit 13:** Relevance, Rule 403 (confusion of issues and unfair prejudice), Hearsay, and Rule 702.

**Objection to Aerotek's Exhibit 14:** Relevance, Rule 403 (confusion of issues and unfair prejudice), Hearsay, and Rule 702.

**Objection to Aerotek's Exhibit 15:** Relevance, Rule 403 (confusion of issues), Hearsay, and Rule 702.

**Objection to Aerotek's Exhibit 16:** Relevance (portions of document), Rule 403 (confusion of issues and unfair prejudice), Hearsay, and Rule 702.

**Objection to Aerotek's Exhibit 17:** Hearsay and Rule 702.

**Objection to Aerotek's Exhibit 18:** Relevance, Rule 403 (confusion of issues and unfair prejudice), Hearsay, and Rule 702.

**Objection to Aerotek's Exhibit 19:** Relevance, Rule 403 (confusion of issues and unfair prejudice), Hearsay, and Rule 702.

**Objection to Aerotek's Exhibit 20:** Relevance, Rule 403 (confusion of issues and unfair prejudice), Hearsay, and Rule 702.

**Objection to Aerotek's Exhibit 21:** Relevance, Rule 403 (confusion of issues and unfair prejudice), Hearsay, and Rule 702.

**Objection to Aerotek's Exhibit 22:** Relevance, Rule 403 (confusion of issues and unfair prejudice), Hearsay, and Rule 702.

**Objection to Aerotek's Exhibit 27:** Relevance, Rule 403 (confusion of issues and unfair prejudice), Hearsay, and Rule 702.

**Objection to Aerotek's Exhibit 28:** Relevance.

**Objection to Aerotek's Exhibit 29:** Untimely disclosed and should be excluded under Federal Rule of Civil Procedure 37; Hearsay; Authenticity; and Lack of Foundation. *See also* Moore's motion *in limine* with respect to this document, which is incorporated by reference herein.

**Objection to Aerotek's Exhibit 30:** Untimely disclosed and should be excluded under Federal Rule of Civil Procedure 37; Hearsay; Authenticity; and Lack of Foundation. *See also* Moore's motion *in limine* with respect to this document, which is incorporated by reference herein.

**Objection to Aerotek's Exhibit 31:** Untimely disclosed and should be excluded under Federal Rule of Civil Procedure 37; Hearsay; Authenticity; and Lack of Foundation. *See also* Moore's motion *in limine* with respect to this document, which is incorporated by reference herein.

**Objection to Aerotek's Exhibit 32:** Untimely disclosed and should be excluded under Federal Rule of Civil Procedure 37; Hearsay; Authenticity; and Lack of

Foundation. *See also* Moore's motion *in limine* with respect to this document, which is incorporated by reference herein.

**Objection to Aerotek's Exhibit 33:** Untimely disclosed and should be excluded under Federal Rule of Civil Procedure 37; Hearsay; Authenticity; and Lack of Foundation. *See also* Moore's motion *in limine* with respect to this document, which is incorporated by reference herein.

**Objection to Aerotek's Exhibit 35:** Relevance, Rule 403 (confusion of issues as this relates to a dismissed claim), and Hearsay.

**Objection to Aerotek's Exhibit 36:** Relevance and Hearsay.

**Objection to Aerotek's Exhibit 37:** Relevance and Hearsay.

**Objection to Aerotek's Exhibit 38:** Relevance and Hearsay.

**Objection to Aerotek's Exhibit 39:** Relevance and Hearsay.

**Objection to Aerotek's Exhibit 40:** Relevance, Hearsay, and Rule 403 (unfair prejudice and confusion of issues).

**Objection to Aerotek's Exhibit 43:** Relevance and Hearsay.

**Objection to Aerotek's Exhibit 55:** Hearsay.

**Objection to Aerotek's Exhibit 56:** Hearsay.

**Objection to Aerotek's Exhibit 60:** Relevance and Hearsay.

**Objection to Aerotek's Exhibit 71:** Improper catchall. Cannot adequately otherwise respond to this exhibit reference.

**ATTACHMENT G-2**
**Defendant's Trial Exhibit List**

Defendant Alex Moore may introduce the following exhibits at trial:

1.  Employment Agreement (Mitchell Dep. Ex. 6)

2.  Complaint (ECF No. 1-1)

3.  Answer and Counterclaim (ECF No. 5)

4.  Answer to Second Amended Complaint (ECF No. 93)

5.  Complaint in *Aerotek Affiliated Services, Inc. v. Golledge* (Schlotthober Dep. Ex. 20)

6.  Complaint in *Aerotek Affiliated Services, Inc. v. O'Bryan* (ECF No. 1-1 in Case No. 1:22-cv-02523-WMR)

7.  Answer and Counterclaim in *Aerotek Affiliated Services, Inc. v. O'Bryan* (ECF No. 5 in Case No. 1:22-cv-02523-WMR)

8.  Plaintiff Actalent, Inc.'s Response to Defendant Jobot, LLC's Form Interrogatories – General, Set One in *Aerotek Affiliated Services, Inc. v. Golledge.*

9.  Verification to Plaintiff Actalent, Inc.'s Response to Defendant Jobot, LLC's Form Interrogatories – General, Set One in *Aerotek Affiliated Services, Inc. v. Golledge.*

10. Plaintiff Actalent, Inc.'s First Amended Response to Defendant Jobot, LLC's Form Interrogatories – General, Set One in *Aerotek Affiliated*

*Services, Inc. v. Golledge.*

11. Verification to Plaintiff Actalent, Inc.'s First Amended Response to Defendant Jobot, LLC's Form Interrogatories – General, Set One in *Aerotek Affiliated Services, Inc. v. Golledge.*

12. Plaintiff Actalent, Inc.'s Responses to Defendants' Request for Identification, Inspection, and Production of Documents, Set One in *Aerotek Affiliated Services, Inc. v. Golledge.*

13. Verification to Plaintiff Actalent, Inc.'s Responses to Defendants' Request for Identification, Inspection, and Production of Documents, Set One in *Aerotek Affiliated Services, Inc. v. Golledge.*

14. Plaintiff Actalent, Inc.'s Second Amended Responses to Defendants' Request for Identification, Inspection, and Production of Documents, Set One in *Aerotek Affiliated Services, Inc. v. Golledge.*

15. Verification to Plaintiff Actalent, Inc.'s Second Amended Responses to Defendants' Request for Identification, Inspection, and Production of Documents, Set One in *Aerotek Affiliated Services, Inc. v. Golledge.*

16. Aerotek Affiliated Services, Inc.'s Sixth Amended Answers to Defendant Jobot LLC's Special Interrogatories, Set One in *Aerotek Affiliated Services, Inc. v. Golledge.*

17. Email Chain re: Alex Moore Exit Plan (Moore Dep. Ex. 10)

18. Email re: Alex Moore Exit Plan (MOOORE000055)

19. Email Chain re: Alex Moore Exit Plan (MOORE000082-MOORE000088)

20. Jobot New Employee Protocols (Moore Dep. Ex. 11)

21. Kyle Mitchell LinkedIn Profile (Mitchell Dep. Ex. 1)

22. Plaintiff's Objections and Responses to Defendant's Second Set of Interrogatories (Mitchell Dep. Ex. 15)

23. Plaintiff's Objections and Responses to Defendant's Second Set of Interrogatories (Mitchell Dep. Ex. 16)

24. Corporate Charter Approval Sheet and Articles of Amendment of Aerotek II, Inc. (Mitchell Dep. Ex. 5)

25. Corporate Charter Approval Sheet and Onsite Companies, Inc. Articles of Amendment (Mitchell Dep. Ex. 4)

26. Aerotek's Certificate of Interested Parties and Corporate Disclosure Statement (ECF No. 7)

27. Spreadsheet (Aerotek_M000120)

28. Alex Moore LinkedIn Profile

29. Video of Alex Moore Award Ceremony

30. Actalent Jersey Awarded to Alex Moore

31. Deposition of Kyle Mitchell/Aerotek 30(b)(6)

32. Deposition of Reed Schlotthober/Aerotek 30(b)(6)

33. Deposition of Maximo Hermon

34. Deposition of Sachin Shailendra

35. Photographs from Jersey Award Ceremony

36. Defendant reserves the right to introduce any document not listed for

   purposes of impeachment.


**Plaintiff's Objections to Defendant's Expected Trial Exhibit List**

5.    **Objection to Defendant's Exhibit No. 5**. Aerotek objects to the introduction at trial of this Complaint or any other pleadings or documents from the case of *Aerotek Affiliated Services, Inc., Aerotek, Inc., Aston Carter, Inc., Actalent, Inc. v. Heidi Golledge, Drew J. Fibus, Jobot, LLC and Does 1-100*, because:

   i.    Moore never identified or produced this document in response to Aerotek's discovery requests in this action, even though it is squarely responsive to numerous of Aerotek's Interrogatories and Requests for Production to Moore, including Interrogatories and Requests asking that Moore identify and produce any admissions against interest he attributes to Aerotek or its agents related to Moore's defenses to Aerotek's claims. In total, this document is responsive to the following discovery requests to Moore but was never identified or produced: Interrogatory No. 3, which asks Moore to identify written statements, including statements by agents of Aerotek, that support his claims; Interrogatory No. 7, which asks Moore to identify any admissions and/or declarations against interest related to Aerotek's claims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 4, which requests all documents reviewed or relied upon for Moore's defenses to Aerotek's claims; Request No. 7, which requests all written statements related to this lawsuit;

Request No. 8, which requests all documents related to any admission and/or declaration against interest that Moore believes Aerotek made related to its counterclaims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 34, which requests all documents related to Moore's Employment Agreement; Request No. 35, which seeks all documents related to Moore's departure from employment with Aerotek; and Request No. 37, which seeks all documents related to Moore's defenses to Aerotek's claims.

ii.   As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, Moore cannot establish a proper foundation for this document, and he does not have a sponsoring witness to authenticate and introduce it at trial.

iii.   As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, this document is irrelevant to the issues of this case and is therefore inadmissible under Fed. R. Evid. 402.

iv.   As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, even if this document has some minimal relevance to Aerotek's claims or Moore's defenses, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the factfinder, and it is therefore inadmissible under Fed. R. Civ. P. 403.

6.   **Objection to Defendant's Exhibit No. 6.** Aerotek objects to the introduction at trial of this Complaint or any other pleadings or documents from the case of *Aerotek Affiliated Services, Inc., v. Kyle O'Bryan*, because:

i.   Moore never identified or produced this document in response to Aerotek's discovery requests in this action, even though it is squarely responsive to numerous of Aerotek's Interrogatories and Requests for Production to

Moore, including Interrogatories and Requests asking that Moore identify and produce any admissions against interest he attributes to Aerotek or its agents related to Moore's defenses to Aerotek's claims. In total, this document is responsive to the following discovery requests to Moore but was never identified or produced: Interrogatory No. 3, which asks Moore to identify written statements, including statements by agents of Aerotek, that support his claims; Interrogatory No. 7, which asks Moore to identify any admissions and/or declarations against interest related to Aerotek's claims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 4, which requests all documents reviewed or relied upon for Moore's defenses to Aerotek's claims; Request No. 7, which requests all written statements related to this lawsuit; Request No. 8, which requests all documents related to any admission and/or declaration against interest that Moore believes Aerotek made related to its counterclaims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 34, which requests all documents related to Moore's Employment Agreement; Request No. 35, which seeks all documents related to Moore's departure from employment with Aerotek; and Request No. 37, which seeks all documents related to Moore's defenses to Aerotek's claims.

ii.   As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, Moore cannot establish a proper foundation for this document, and he does not have a sponsoring witness to authenticate and introduce it at trial.

iii.  As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, this document is irrelevant to the issues of this case and is therefore inadmissible under Fed. R. Evid. 402.

iv.   As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, even if this document has some minimal relevance to Aerotek's claims or Moore's defenses, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the factfinder, and it is therefore inadmissible under Fed. R. Civ. P. 403.

7.   **Objection to Defendant's Exhibit No. 7**. Aerotek objects to the introduction at trial of this Answer or Counterclaim and any other pleadings or documents from the case of *Aerotek Affiliated Services, Inc., v. Kyle O'Bryan*, because:

i.   Moore never identified or produced this document in response to Aerotek's discovery requests in this action, even though it is squarely responsive to numerous of Aerotek's Interrogatories and Requests for Production to Moore, including Interrogatories and Requests asking that Moore identify and produce any admissions against interest he attributes to Aerotek or its agents related to Moore's defenses to Aerotek's claims. In total, this document is responsive to the following discovery requests to Moore but was never identified or produced: Interrogatory No. 3, which asks Moore to identify written statements, including statements by agents of Aerotek, that support his claims; Interrogatory No. 7, which asks Moore to identify any admissions and/or declarations against interest related to Aerotek's claims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 4, which requests all documents reviewed or relied upon for Moore's defenses to Aerotek's claims; Request No. 7, which requests all written statements related to this lawsuit; Request No. 8, which requests all documents related to any admission and/or declaration against interest that Moore believes Aerotek made related to its counterclaims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 34, which requests all documents related to Moore's Employment

Agreement; Request No. 35, which seeks all documents related to Moore's departure from employment with Aerotek; and Request No. 37, which seeks all documents related to Moore's defenses to Aerotek's claims.

ii.  As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, Moore cannot establish a proper foundation for this document, and he does not have a sponsoring witness to authenticate and introduce it at trial.

iii.  As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, this document is irrelevant to the issues of this case and is therefore inadmissible under Fed. R. Evid. 402.

iv.  As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, even if this document has some minimal relevance to Aerotek's claims or Moore's defenses, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the factfinder, and it is therefore inadmissible under Fed. R. Civ. P. 403.

8.  **Objection to Defendant's Exhibit No. 8**. Aerotek objects to the introduction at trial of this pleading or any other pleadings or documents from the case of *Aerotek Affiliated Services, Inc., Aerotek, Inc., Aston Carter, Inc., Actalent, Inc. v. Heidi Golledge, Drew J. Fibus, Jobot, LLC and Does 1-100*, because:

i.  This document is inadmissible hearsay under Fed. R. Evid. 801 and 802. It is an out of court statement, by a declarant other than Aerotek, offered for the truth of the matter asserted.

ii.  Moore never referenced this document in these proceedings or identified or produced this document in response to Aerotek's discovery requests in this action, even though it is squarely responsive to numerous of

Aerotek's Interrogatories and Requests for Production to Moore, including Interrogatories and Requests asking that Moore identify and produce any admissions against interest he attributes to Aerotek or its agents related to Moore's defenses to Aerotek's claims. In total, this document is responsive to the following discovery requests to Moore but was never identified or produced: Interrogatory No. 3, which asks Moore to identify written statements, including statements by agents of Aerotek, that support his claims; Interrogatory No. 7, which asks Moore to identify any admissions and/or declarations against interest related to Aerotek's claims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 4, which requests all documents reviewed or relied upon for Moore's defenses to Aerotek's claims; Request No. 7, which requests all written statements related to this lawsuit; Request No. 8, which requests all documents related to any admission and/or declaration against interest that Moore believes Aerotek made related to its counterclaims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 34, which requests all documents related to Moore's Employment Agreement; Request No. 35, which seeks all documents related to Moore's departure from employment with Aerotek; and Request No. 37, which seeks all documents related to Moore's defenses to Aerotek's claims.

iii.   As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, Moore cannot establish a proper foundation for this document, and he does not have a sponsoring witness to authenticate and introduce it at trial.

iv.   As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, this document is irrelevant to the issues of this case and is therefore inadmissible under Fed. R. Evid. 402.

     v.     As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, even if this document has some minimal relevance to Aerotek's claims or Moore's defenses, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the factfinder, and it is therefore inadmissible under Fed. R. Civ. P. 403.

9.    **Objection to Defendant's Exhibit No. 9**. Aerotek objects to the introduction at trial of this pleading or any other pleadings or documents from the case of *Aerotek Affiliated Services, Inc., Aerotek, Inc., Aston Carter, Inc., Actalent, Inc. v. Heidi Golledge, Drew J. Fibus, Jobot, LLC and Does 1-100*, because:

     i.     This document is inadmissible hearsay under Fed. R. Evid. 801 and 802. It is an out of court statement, by a declarant other than Aerotek, offered for the truth of the matter asserted.

    ii.     Moore never referenced this document in these proceedings or identified or produced this document in response to Aerotek's discovery requests in this action, even though it is squarely responsive to numerous of Aerotek's Interrogatories and Requests for Production to Moore, including Interrogatories and Requests asking that Moore identify and produce any admissions against interest he attributes to Aerotek or its agents related to Moore's defenses to Aerotek's claims. In total, this document is responsive to the following discovery requests to Moore but was never identified or produced: Interrogatory No. 3, which asks Moore to identify written statements, including statements by agents of Aerotek, that support his claims; Interrogatory No. 7, which asks Moore to identify any admissions and/or declarations against interest related to Aerotek's claims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 4, which requests all documents reviewed or relied upon for Moore's defenses to Aerotek's claims; Request No. 7, which requests all written statements related to this lawsuit;

Request No. 8, which requests all documents related to any admission and/or declaration against interest that Moore believes Aerotek made related to its counterclaims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 34, which requests all documents related to Moore's Employment Agreement; Request No. 35, which seeks all documents related to Moore's departure from employment with Aerotek; and Request No. 37, which seeks all documents related to Moore's defenses to Aerotek's claims.

 iii. As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, Moore cannot establish a proper foundation for this document, and he does not have a sponsoring witness to authenticate and introduce it at trial.

 iv. As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, this document is irrelevant to the issues of this case and is therefore inadmissible under Fed. R. Evid. 402.

 v. As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, even if this document has some minimal relevance to Aerotek's claims or Moore's defenses, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the factfinder, and it is therefore inadmissible under Fed. R. Civ. P. 403.

10. **Objection to Defendant's Exhibit No. 10**. Aerotek objects to the introduction at trial of this pleading or any other pleadings or documents from the case of *Aerotek Affiliated Services, Inc., Aerotek, Inc., Aston Carter, Inc., Actalent, Inc. v. Heidi Golledge, Drew J. Fibus, Jobot, LLC and Does 1-100*, because:

 i. This document is inadmissible hearsay under Fed. R. Evid. 801 and 802. It is an out of court statement, by a declarant

other than Aerotek, offered for the truth of the matter asserted.

ii. Moore never referenced this document in these proceedings or identify or produce this document in response to Aerotek's discovery requests in this action, even though it is squarely responsive to numerous of Aerotek's Interrogatories and Requests for Production to Moore, including Interrogatories and Requests asking that Moore identify and produce any admissions against interest he attributes to Aerotek or its agents related to Moore's defenses to Aerotek's claims. In total, this document is responsive to the following discovery requests to Moore but was never identified or produced: Interrogatory No. 3, which asks Moore to identify written statements, including statements by agents of Aerotek, that support his claims; Interrogatory No. 7, which asks Moore to identify any admissions and/or declarations against interest related to Aerotek's claims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 4, which requests all documents reviewed or relied upon for Moore's defenses to Aerotek's claims; Request No. 7, which requests all written statements related to this lawsuit; Request No. 8, which requests all documents related to any admission and/or declaration against interest that Moore believes Aerotek made related to its counterclaims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 34, which requests all documents related to Moore's Employment Agreement; Request No. 35, which seeks all documents related to Moore's departure from employment with Aerotek; and Request No. 37, which seeks all documents related to Moore's defenses to Aerotek's claims.

iii. As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, Moore cannot establish a proper foundation for this document, and he does not have a sponsoring witness to authenticate and introduce it at trial.

     iv.    As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, this document is irrelevant to the issues of this case and is therefore inadmissible under Fed. R. Evid. 402.

     v.    As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, even if this document has some minimal relevance to Aerotek's claims or Moore's defenses, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the factfinder, and it is therefore inadmissible under Fed. R. Civ. P. 403.

11.   **Objection to Defendant's Exhibit No. 11**. Aerotek objects to the introduction at trial of this pleading or any other pleadings or documents from the case of *Aerotek Affiliated Services, Inc., Aerotek, Inc., Aston Carter, Inc., Actalent, Inc. v. Heidi Golledge, Drew J. Fibus, Jobot, LLC and Does 1-100*, because:

     i.    This document is inadmissible hearsay under Fed. R. Evid. 801 and 802. It is an out of court statement, by a declarant other than Aerotek, offered for the truth of the matter asserted.

     ii.    Moore never referenced this document in these proceedings or identify or produce this document in response to Aerotek's discovery requests in this action, even though it is squarely responsive to numerous of Aerotek's Interrogatories and Requests for Production to Moore, including Interrogatories and Requests asking that Moore identify and produce any admissions against interest he attributes to Aerotek or its agents related to Moore's defenses to Aerotek's claims. In total, this document is responsive to the following discovery requests to Moore but was never identified or produced: Interrogatory No. 3, which asks Moore to identify written statements, including statements by agents of Aerotek, that support his claims; Interrogatory No. 7, which asks Moore to identify any admissions and/or declarations against

interest related to Aerotek's claims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 4, which requests all documents reviewed or relied upon for Moore's defenses to Aerotek's claims; Request No. 7, which requests all written statements related to this lawsuit; Request No. 8, which requests all documents related to any admission and/or declaration against interest that Moore believes Aerotek made related to its counterclaims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 34, which requests all documents related to Moore's Employment Agreement; Request No. 35, which seeks all documents related to Moore's departure from employment with Aerotek; and Request No. 37, which seeks all documents related to Moore's defenses to Aerotek's claims.

iii.   As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, Moore cannot establish a proper foundation for this document, and he does not have a sponsoring witness to authenticate and introduce it at trial.

iv.   As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, this document is irrelevant to the issues of this case and is therefore inadmissible under Fed. R. Evid. 402.

v.   As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, even if this document has some minimal relevance to Aerotek's claims or Moore's defenses, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the factfinder, and it is therefore inadmissible under Fed. R. Civ. P. 403.

12.   **Objection to Defendant's Exhibit No. 12**. Aerotek objects to the introduction at trial of this pleading or any other pleadings or documents from the case of *Aerotek Affiliated Services, Inc., Aerotek, Inc., Aston Carter, Inc., Actalent, Inc. v. Heidi Golledge, Drew J. Fibus, Jobot, LLC and Does 1-100*, because:

  i.   This document is inadmissible hearsay under Fed. R. Evid. 801 and 802. It is an out of court statement, by a declarant other than Aerotek, offered for the truth of the matter asserted.

  ii.  Moore never referenced this document in these proceedings or identify or produce this document in response to Aerotek's discovery requests in this action, even though it is squarely responsive to numerous of Aerotek's Interrogatories and Requests for Production to Moore, including Interrogatories and Requests asking that Moore identify and produce any admissions against interest he attributes to Aerotek or its agents related to Moore's defenses to Aerotek's claims. In total, this document is responsive to the following discovery requests to Moore but was never identified or produced: Interrogatory No. 3, which asks Moore to identify written statements, including statements by agents of Aerotek, that support his claims; Interrogatory No. 7, which asks Moore to identify any admissions and/or declarations against interest related to Aerotek's claims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 4, which requests all documents reviewed or relied upon for Moore's defenses to Aerotek's claims; Request No. 7, which requests all written statements related to this lawsuit; Request No. 8, which requests all documents related to any admission and/or declaration against interest that Moore believes Aerotek made related to its counterclaims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 34, which requests all documents related to Moore's Employment Agreement; Request No. 35, which seeks all documents related to Moore's departure from employment with Aerotek; and Request No. 37, which seeks all documents related to Moore's defenses to Aerotek's claims.

iii. As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, Moore cannot establish a proper foundation for this document, and he does not have a sponsoring witness to authenticate and introduce it at trial.

iv. As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, this document is irrelevant to the issues of this case and is therefore inadmissible under Fed. R. Evid. 402.

v. As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, even if this document has some minimal relevance to Aerotek's claims or Moore's defenses, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the factfinder, and it is therefore inadmissible under Fed. R. Civ. P. 403.

13. **Objection to Defendant's Exhibit No. 13**. Aerotek objects to the introduction at trial of this pleading or any other pleadings or documents from the case of *Aerotek Affiliated Services, Inc., Aerotek, Inc., Aston Carter, Inc., Actalent, Inc. v. Heidi Golledge, Drew J. Fibus, Jobot, LLC and Does 1-100*, because:

i. This document is inadmissible hearsay under Fed. R. Evid. 801 and 802. It is an out of court statement, by a declarant other than Aerotek, offered for the truth of the matter asserted.

ii. Moore never referenced this document in these proceedings or identify or produce this document in response to Aerotek's discovery requests in this action, even though it is squarely responsive to numerous of Aerotek's Interrogatories and Requests for Production to Moore, including Interrogatories and Requests asking that Moore identify and produce any admissions against interest he attributes to Aerotek or its agents related to

Moore's defenses to Aerotek's claims. In total, this document is responsive to the following discovery requests to Moore but was never identified or produced: Interrogatory No. 3, which asks Moore to identify written statements, including statements by agents of Aerotek, that support his claims; Interrogatory No. 7, which asks Moore to identify any admissions and/or declarations against interest related to Aerotek's claims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 4, which requests all documents reviewed or relied upon for Moore's defenses to Aerotek's claims; Request No. 7, which requests all written statements related to this lawsuit; Request No. 8, which requests all documents related to any admission and/or declaration against interest that Moore believes Aerotek made related to its counterclaims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 34, which requests all documents related to Moore's Employment Agreement; Request No. 35, which seeks all documents related to Moore's departure from employment with Aerotek; and Request No. 37, which seeks all documents related to Moore's defenses to Aerotek's claims.

iii.    As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, Moore cannot establish a proper foundation for this document, and he does not have a sponsoring witness to authenticate and introduce it at trial.

iv.    As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, this document is irrelevant to the issues of this case and is therefore inadmissible under Fed. R. Evid. 402.

v.    As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, even if this

document has some minimal relevance to Aerotek's claims or Moore's defenses, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the factfinder, and it is therefore inadmissible under Fed. R. Civ. P. 403.

14. **Objection to Defendant's Exhibit No. 14**. Aerotek objects to the introduction at trial of this pleading or any other pleadings or documents from the case of *Aerotek Affiliated Services, Inc., Aerotek, Inc., Aston Carter, Inc., Actalent, Inc. v. Heidi Golledge, Drew J. Fibus, Jobot, LLC and Does 1-100*, because:

    i. This document is inadmissible hearsay under Fed. R. Evid. 801 and 802. It is an out of court statement, by a declarant other than Aerotek, offered for the truth of the matter asserted.

    ii. Moore never referenced this document in these proceedings or identify or produce this document in response to Aerotek's discovery requests in this action, even though it is squarely responsive to numerous of Aerotek's Interrogatories and Requests for Production to Moore, including Interrogatories and Requests asking that Moore identify and produce any admissions against interest he attributes to Aerotek or its agents related to Moore's defenses to Aerotek's claims. In total, this document is responsive to the following discovery requests to Moore but was never identified or produced: Interrogatory No. 3, which asks Moore to identify written statements, including statements by agents of Aerotek, that support his claims; Interrogatory No. 7, which asks Moore to identify any admissions and/or declarations against interest related to Aerotek's claims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 4, which requests all documents reviewed or relied upon for Moore's defenses to Aerotek's claims; Request No. 7, which requests all written statements related to this lawsuit; Request No. 8, which requests all documents related to any admission and/or declaration against interest that Moore believes Aerotek made related to its counterclaims or Moore's defenses thereto (to the extent that Moore claims

that this constitutes an admission); Request No. 34, which requests all documents related to Moore's Employment Agreement; Request No. 35, which seeks all documents related to Moore's departure from employment with Aerotek; and Request No. 37, which seeks all documents related to Moore's defenses to Aerotek's claims.

iii.    As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, Moore cannot establish a proper foundation for this document, and he does not have a sponsoring witness to authenticate and introduce it at trial.

iv.    As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, this document is irrelevant to the issues of this case and is therefore inadmissible under Fed. R. Evid. 402.

v.    As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, even if this document has some minimal relevance to Aerotek's claims or Moore's defenses, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the factfinder, and it is therefore inadmissible under Fed. R. Civ. P. 403.

15.    **Objection to Defendant's Exhibit No. 15**. Aerotek objects to the introduction at trial of this pleading or any other pleadings or documents from the case of *Aerotek Affiliated Services, Inc., Aerotek, Inc., Aston Carter, Inc., Actalent, Inc. v. Heidi Golledge, Drew J. Fibus, Jobot, LLC and Does 1-100*, because:

i.    This document is inadmissible hearsay under Fed. R. Evid. 801 and 802. It is an out of court statement, by a declarant other than Aerotek, offered for the truth of the matter asserted.

ii.    Moore never referenced this document in these proceedings or identify or produce this document in

response to Aerotek's discovery requests in this action, even though it is squarely responsive to numerous of Aerotek's Interrogatories and Requests for Production to Moore, including Interrogatories and Requests asking that Moore identify and produce any admissions against interest he attributes to Aerotek or its agents related to Moore's defenses to Aerotek's claims. In total, this document is responsive to the following discovery requests to Moore but was never identified or produced: Interrogatory No. 3, which asks Moore to identify written statements, including statements by agents of Aerotek, that support his claims; Interrogatory No. 7, which asks Moore to identify any admissions and/or declarations against interest related to Aerotek's claims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 4, which requests all documents reviewed or relied upon for Moore's defenses to Aerotek's claims; Request No. 7, which requests all written statements related to this lawsuit; Request No. 8, which requests all documents related to any admission and/or declaration against interest that Moore believes Aerotek made related to its counterclaims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 34, which requests all documents related to Moore's Employment Agreement; Request No. 35, which seeks all documents related to Moore's departure from employment with Aerotek; and Request No. 37, which seeks all documents related to Moore's defenses to Aerotek's claims.

iii.    As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, Moore cannot establish a proper foundation for this document, and he does not have a sponsoring witness to authenticate and introduce it at trial.

iv.    As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, this

document is irrelevant to the issues of this case and is therefore inadmissible under Fed. R. Evid. 402.

v.    As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, even if this document has some minimal relevance to Aerotek's claims or Moore's defenses, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the factfinder, and it is therefore inadmissible under Fed. R. Civ. P. 403.

16.    **Objection to Defendant's Exhibit No. 16.** Aerotek objects to the introduction at trial of this pleading or any other pleadings or documents from the case of *Aerotek Affiliated Services, Inc., Aerotek, Inc., Aston Carter, Inc., Actalent, Inc. v. Heidi Golledge, Drew J. Fibus, Jobot, LLC and Does 1-100*, because:

i.    Moore never referenced this document in these proceedings nor did he identify nor produce this document in response to Aerotek's discovery requests in this action, even though it is squarely responsive to numerous of Aerotek's Interrogatories and Requests for Production to Moore, including Interrogatories and Requests asking that Moore identify and produce any admissions against interest he attributes to Aerotek or its agents related to Moore's defenses to Aerotek's claims. In total, this document is responsive to the following discovery requests to Moore but was never identified or produced: Interrogatory No. 3, which asks Moore to identify written statements, including statements by agents of Aerotek, that support his claims; Interrogatory No. 7, which asks Moore to identify any admissions and/or declarations against interest related to Aerotek's claims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 4, which requests all documents reviewed or relied upon for Moore's defenses to Aerotek's claims; Request No. 7, which requests all written statements related to this lawsuit; Request No. 8, which requests all documents related to any admission and/or declaration against interest that Moore

believes Aerotek made related to its counterclaims or Moore's defenses thereto; Request No. 34, which requests all documents related to Moore's Employment Agreement; Request No. 35, which seeks all documents related to Moore's departure from employment with Aerotek; and Request No. 37, which seeks all documents related to Moore's defenses to Aerotek's claims.

ii.   As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, Moore cannot establish a proper foundation for this document, and he does not have a sponsoring witness to authenticate and introduce it at trial.

iii.  As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, this document is irrelevant to the issues of this case and is therefore inadmissible under Fed. R. Evid. 402.

iv.   As set out more fully in Aerotek's Motion *in Limine* to exclude evidence of, reference to, or argument concerning other lawsuits involving Aerotek or its parents and/or affiliates, filed contemporaneously herewith, even if this document has some minimal relevance to Aerotek's claims or Moore's defenses, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the factfinder, and it is therefore inadmissible under Fed. R. Civ. P. 403.

17.   **Objection to Defendant's Exhibit No. 17**. Aerotek objects to the introduction of this document at trial to the extent Moore seeks to offer out of court statements contained in the document for the truth of the matter asserted, which is inadmissible hearsay under Fed. R. Evid. 801 and 802.

18.   **Objection to Defendant's Exhibit No. 18**. Aerotek objects to the introduction of this document at trial to the extent Moore seeks to offer out of court statements contained in the document for the truth of the matter asserted, which is inadmissible hearsay under Fed. R. Evid. 801 and 802.

19.   **Objection to Defendant's Exhibit No. 19.** Aerotek objects to the introduction of this document at trial to the extent Moore seeks to offer out of court statements contained in the document for the truth of the matter asserted, which is inadmissible hearsay under Fed. R. Evid. 801 and 802.

21.   **Objection to Defendant's Exhibit No. 21**. Aerotek objects to the introduction of this document at trial to the extent Moore seeks to offer out of court statements contained in the document for the truth of the matter asserted, which is inadmissible hearsay under Fed. R. Evid. 801 and 802.

24.   **Objection to Defendant's Exhibit No. 24**. Aerotek objects to the introduction of this document at trial because it is inadmissible hearsay Fed. R. Evid. 801 and 802, and it is irrelevant, under Rule 402, to the corporate structure of Plaintiff and Actalent as of July 2021 through September 2021.

25.   **Objection to Defendant's Exhibit No. 25**. Aerotek objects to the introduction of this document at trial because it is inadmissible hearsay Fed. R. Evid. 801 and 802, and it is irrelevant, under Rule 402, to the corporate structure of Plaintiff and Actalent as of July 2021 through September 2021.

28.   **Objection to Defendant's Exhibit No. 28**. Aerotek objects to the introduction of this document at trial to the extent Moore seeks to offer out of court statements contained in the document for the truth of the matter asserted, which is inadmissible hearsay under Fed. R. Evid. 801 and 802.

29.   **Objection to Defendant's Exhibit No. 29**. Aerotek objects to the introduction of this video because Moore never referenced this video in these proceedings nor identified or produced this video in response to Aerotek's discovery requests in this action, even though it is squarely responsive to numerous of Aerotek's Interrogatories and Requests for Production to Moore, including Interrogatories and Requests asking that Moore identify and produce any admissions against interest he attributes to Aerotek or its agents related to Moore's defenses to Aerotek's claims. In total, this document is responsive to the following discovery requests to Moore but was never identified or produced: Interrogatory No. 7, which asks Moore to identify any admissions and/or declarations against interest related to Aerotek's claims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 8, which requests all documents *or things* related to any admission and/or declaration against interest that Moore believes Aerotek made related to its counterclaims or

Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 34, which requests all documents *or things* related to Moore's Employment Agreement; Request No. 35, which seeks all documents *or things* related to Moore's departure from employment with Aerotek; and Request No. 37, which seeks all documents *or things* related to Moore's defenses to Aerotek's claims.

30.    **Objection to Defendant's Exhibit No. 30**. Aerotek objects to the introduction of this thing because Moore never referenced this thing, or a photograph of it, in these proceedings nor identified or produced this thing in response to Aerotek's discovery requests in this action, even though it is squarely responsive to numerous of Aerotek's Interrogatories and Requests for Production to Moore, including Interrogatories and Requests asking that Moore identify and produce any admissions against interest he attributes to Aerotek or its agents related to Moore's defenses to Aerotek's claims. In total, this document is responsive to the following discovery requests to Moore but was never identified or produced: Interrogatory No. 7, which asks Moore to identify any admissions and/or declarations against interest related to Aerotek's claims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 8, which requests all documents *or things* related to any admission and/or declaration against interest that Moore believes Aerotek made related to its counterclaims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 34, which requests all documents *or things* related to Moore's Employment Agreement; Request No. 35, which seeks all documents *or things* related to Moore's departure from employment with Aerotek; and Request No. 37, which seeks all documents *or things* related to Moore's defenses to Aerotek's claims.

35.    **Objection to Defendant's Exhibit No. 35**. Aerotek objects to the introduction of these photographs because Moore never referenced these photographs in these proceedings nor identified or produced them in response to Aerotek's discovery requests in this action, even though they are squarely responsive to numerous of Aerotek's Interrogatories and Requests for Production to Moore, including Interrogatories and Requests asking that Moore identify and produce any admissions against interest he attributes to Aerotek or its agents related to Moore's defenses to Aerotek's claims. In total, this document is responsive to the following discovery requests to Moore but was never identified or produced: Interrogatory No. 7, which asks Moore to identify any admissions and/or declarations against interest related

to Aerotek's claims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 8, which requests all documents *or things* related to any admission and/or declaration against interest that Moore believes Aerotek made related to its counterclaims or Moore's defenses thereto (to the extent that Moore claims that this constitutes an admission); Request No. 34, which requests all documents *or things* related to Moore's Employment Agreement; Request No. 35, which seeks all documents *or things* related to Moore's departure from employment with Aerotek; and Request No. 37, which seeks all documents *or things* related to Moore's defenses to Aerotek's claims.

## <u>Attachment H-1</u>
## List of Pending Motions and/or Pretrial Briefs Plaintiff Has Filed

1. Plaintiff's Motion *in Limine* to Exclude Evidence of Other Lawsuits
2. Plaintiff's Motion to Strike Defendant's Jury Demand
3. Plaintiff's Trial Brief

**<u>Attachment H-2</u>**
**List of Pending Motions and/or Pretrial Briefs Defendant Has Filed**

- Defendant's Motion *in Limine* to Exclude Untimely Produced Documents

### <u>Attachment I-1</u>
**Plaintiff's Proposed Verdict Form**

**Question 1:**  Regarding Plaintiff's claim of breach of contract against Defendant:

☐        We, the jury, in the above styled case find in favor of Plaintiff and

against Defendant.

**OR**

☐        We, the jury, in the above styled case find in favor of Defendant.

**[If you found in favor of Plaintiff in Question 1, please answer Question 2.]**

**Question 2:**  We award nominal damages in the amount of $ _____.


SO SAY WE ALL.

SO FOUND THIS ___ day of _____, 202___.


_____
Foreperson

**<u>Attachment I-2</u>**
**Defendant's Proposed Special Verdict Form**

**Question 1:** Did Aerotek prove by a preponderance of the evidence that it suffered a concrete and particularized harm fairly traceable to conduct by Alex Moore?

[ ] Yes       [ ] No

**[If you answered "Yes" to Question 1, go on to Question 2. If you answered "No" to Question 1, skip the remaining questions.]**

**Question 2:** In August 2021, was Alex Moore employed by Aerotek or Actalent?

[ ] Aerotek       [ ] Actalent

**[If you answered "Aerotek" to Question 2, go on to Question 3. If you answered "Actalent" to Question 2, skip the remaining questions.]**

**Question 3:** Is Aerotek entitled to nominal damages?

[ ] Yes       [ ] No

**[If you answered "Yes" to Question 3, go on to Question 4. If you answered "No" to Question 3, skip Question 4.]**

**Question 4:** We award nominal damages in the amount of $ _____.

SO SAY WE ALL.

SO FOUND THIS __ day of _____, 202__.

_____
Foreperson